*Judge Pauley*

**08 CV 3746**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X

SPECTRA NAVIGATION LTD.          :

          Plaintiff,          :

   - against -          :          08 CV _____
                              ECF CASE

SK SHIPPING (SINGAPORE) PTE LTD.    :

          Defendant.          :
-------------------------------------------------X

APR 21 2008

U.S.D.C. S.D.N.Y.
CASHIERS

## VERIFIED COMPLAINT

Plaintiff, SPECTRA NAVIGATION LTD. ("Plaintiff"), by and through its attorneys, Tisdale Law Offices LLC, as and for its Verified Complaint against the Defendant, SK SHIPPING (SINGAPORE) PTE LTD., ("Defendant""), alleges, upon information and belief, as follows:

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2.      At all material times to this action, Plaintiff was a foreign company duly organized and operating under foreign law and was the Owner of the M/V SPECTRA ("Vessel").

3.      Upon information and belief, at all material times, Defendant was a foreign corporation or other business entity organized and existing under foreign law with an office and place of business in Singapore and was the Charterer of the Vessel.

4.      By a time charter party dated June 20, 2006, the Plaintiff chartered the Vessel to the Defendant for a period of "about five months to about seven months . . . (about means +/- 15 days in chopt [charterer's option]."

5.    The Charter Party required the Defendant to pay hire to the Plaintiff "at the rate of *USD 15,000 daily including overtime payable 15 days in advance* . . . commencing on and from the day of her delivery, as aforesaid, and at and after the same rate for any part of a *day*, hire to continue until the *time* of the day of her re-delivery in like good order and condition."

6.    The Charter Party required the Defendant to give Plaintiff "not less than . . . *approximately 15/10/7 days and definitely 5/3/2/1* . . . days notice of vessels expected date of re-delivery and probable port."

7.    The Vessel was delivered to the Defendant on July 16, 2006 with the agreed time period for the charter of the Vessel scheduled to terminate at latest on March 3, 2007.

8.    On February 12, 2007, the Defendant forwarded its 30 day redelivery notice to the Plaintiff, indicated the Vessel's anticipated redelivery date, which was about 11 days beyond the redelivery date as per the Charter Party.

9.    As a result of Defendant's overrun of the Charter Party term, and without prejudice to any of the rights and privileges of the Plaintiff under the Charter Party, the Plaintiff and Defendant agreed that the Defendant would pay an increased hire rate of $23,000 per day for the overrun period.

10.    In reliance on a revised redelivery date, the Plaintiff fixed the Vessel for a charter with a third party at the rate of hire of $28,000 per day.

11.    In breach of the parties' agreement to redeliver the Vessel approximately 11 days beyond the latest redelivery date allowed for in the Charter Party, the Defendant re-delivered the Vessel to the Plaintiff some seven weeks after the originally anticipated re-delivery date.

12.    As a result of the Defendant's breach of the Charter Party, and breach of its obligation to re-deliver the Vessel as originally represented, the Plaintiff has suffered damages

2

based on the market rate of the Vessel of $28,000 per day and the actual rate of hire paid by Defendant of $23,000 per day from March 4, 2007 until the date of the Vessel's re-delivery on April 20, 2007.

13.    As a result of Defendant's breaches of the charter party contract, Plaintiff has sustained damages in the total principal amount of **$235,000.00** exclusive of interest, arbitration costs and attorney's fees.

14.    The charter party provided that any disputes arising thereunder shall be referred to London Arbitration with English law to apply.

15.    Plaintiff has commenced arbitration in London pursuant to the Charter Party.

16.    Despite due demand, Defendant has failed to pay the amounts due to Plaintiff.

17.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration pursuant to English Law.  As best as can now be estimated, Plaintiff expects to recover the following amounts:

|   |   |   |
|---|---|---|
| A. | Principal claim: | $235,000.00 |
| B. | Estimated interest on claims:<br>3 years at 8%, compounded quarterly | $63,036.00 |
| C. | Estimated attorneys' fees: | $50,000.00 |
| **Total:** |   | **$348,036.00** |

18.    The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

19.    The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant, to compel arbitration and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A.    That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of **$348,036.00.**

B.    That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$348,036.00** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

4

C.    That pursuant to 9 U.S.C. §§201 et seq. this Court recognize and confirm any London arbitration award in Plaintiff's favor against the Defendant as a judgment of this Court;

D.    That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

E.    That the Plaintiff have such other, further and different relief as the Court deems just, proper and equitable.

Dated: April 21, 2008
       New York, NY

The Plaintiff,
SPECTRA NAVIGATION LTD.

By: _Claurisse C. Orozco_
Claurisse Campanale Orozco (CC 3581)
Thomas L. Tisdale (TT 5263)
TISDALE LAW OFFICES LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 – phone
(212) 869-0067 – fax
corozco@tisdale-law.com
ttisdale@tisdale-law.com

## ATTORNEY'S VERIFICATION

State of New York    )
                     )    ss.:    City of New York
County of New York  )

1. My name is Claurisse Campanale-Orozco.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an Associate in the firm of Tisdale Law Offices, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    April 21, 2008
          New York, NY

Claurisse Campanale-Orozco